**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 01-7846**

———————

RICKEY MAZIQUE,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA; DAN L. DOVE, Warden,

Respondents - Appellees.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Cameron McGowan Currie, District Judge.  (CA-01-343)

———————

Submitted:  April 25, 2002              Decided:  May 2, 2002

———————

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Melisa W. Gay, Mount Pleasant, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Barbara M. Bowens, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rickey Mazique appeals the district court's order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994) without prejudice. The court agreed with a magistrate judge's conclusion that Mazique, a federal inmate, failed to demonstrate a motion under 28 U.S.C.A. § 2255 (West Supp. 2001) would be an inadequate or ineffective means to address his claims. Additionally, the district court properly noted that <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), does not apply retroactively to cases on collateral review.  <u>See</u> <u>United States v. Sanders</u>, 247 F.3d 139, 151 (4th Cir. 2001).  Because we find no reversible error, we affirm on the on the reasoning of the district court.  <u>Mazique v. United States</u>, No. CA-01-343 (D.S.C. Aug. 30, 2001).[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] Moreover, even if Mazique could raise an <u>Apprendi</u> claim on collateral review in a § 2241 petition, we note he could not prevail on his claim, as he was convicted under both 21 U.S.C.A. §§ 841 and 846 (West 1999 & Supp. 2001), each of which permits a twenty-year statutory maximum sentence. Because the district court could have imposed partially concurrent sentences for these convictions in order to reach Mazique's 263-month term of incarceration, Mazique's sentence does not offend <u>Apprendi</u>.  <u>See</u> <u>United States v. White</u>, 238 F.3d 537, 543 (4th Cir. 2001).